UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO.: 3:11-CV-54-H

EDWARD H. FLINT                                                    PLAINTIFF

V.

METLIFE INSURANCE COMPANY OF
CONNECTICUT, et al.                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Edward H. Flint ("Flint"), has brought this action alleging that MetLife

Insurance Company of Connecticut ("MetLife") has unlawfully increased the premium rates on

his long-term care policy (the "Policy"). He also alleges that certain other state officials (the

"Kentucky Defendants") conspired with MetLife to accomplish this. All of the parties have

moved to dismiss. For the reasons that follow, the Court will grant the motions.

I.

The allegations of the complaint are relatively straightforward.

In June 1996, Flint applied for the Policy from Travelers. At the time Flint purchased the

Policy, his "total initial annual premium" was $1,565.00. The first page of the Policy

prominently states in all capital letters that "PREMIUMS MAY BE CHANGED ON A CLASS

BASIS ONLY." Following that disclosure, in bolded text, is a statement of Travelers' "Free

Look" policy, which allowed Flint to return his Policy for any reason or no reason at all for a full

refund within 30 days after it was issued. Additionally, on page 15, in a section labeled

"Premium change," the Policy clearly states that there could be a "change in the premium due"

under certain circumstances.

Flint alleges that Travelers and MetLife have been "over charging [him] on his premium since 2005, against the terms of the [P]olicy." According to Flint, MetLife has "harmed him" during the past six years by applying for and receiving approval from the Kentucky DOI for premium rate increases, and by implementing and/or planning to implement these rate increases on his Policy. He asserts that these rate increases were never properly requested from or approved by the DOI, and that the increases are part of a fraudulent "rip off scheme" perpetrated by MetLife. Pursuant to this alleged scheme, Flint alleges that LTC policies are sold, and policyholders are misled into believing that their premiums will not increase; however, after a set amount of premiums has been paid by policyholders, MetLife obtains premium increases.

Travelers submitted its first application to the Kentucky DOI for a premium rate increase on policy form H-LTC3JP5 on or around May 26, 2004. As reflected in the letter from Consulting Actuary Amy Pahl to the Kentucky Commissioner of Insurance, Travelers initially sought a 39% rate increase. Travelers submitted an actuarial memorandum and rate schedules for review by the DOI in connection with this rate filing. The DOI approved a 30% rate increase on September 20, 2004.

MetLife submitted an application to the Kentucky DOI for a second rate increase on the same policy form on or around March 30, 2010. MetLife sought a 30% rate increase in this application, and submitted an actuarial memorandum and rate tables in support of its request. The DOI approved a 7% rate increase on May 10, 2010.

II.

Flint's claims against MetLife fail for the following reasons. First, the filed rate doctrine operates as a complete bar to Flint's claims for damages. Pursuant to this doctrine, and as

recognized by the Kentucky Court of Appeals and numerous federal and state courts around the country, insurance rates filed with state regulators are *per se* reasonable, and are not properly subject to collateral attack.

Here, MetLife properly filed the premium rate increases at issue with the Kentucky DOI pursuant to Kentucky's comprehensive insurance statutory and regulatory scheme, and these rates were duly approved prior to their implementation. Flint cannot now challenge the rates' legitimacy by seeking the return of premiums MetLife has allegedly "overcharged" nor can he ask this Court–or any court–to second-guess the Kentucky DOI's decision to approve the premium increases.

Flint's claims also fail because no breach of contract claim can be stated based on the premium rate increase. The Policy explicitly authorizes MetLife to raise premium rates on a class-wide bases. MetLife has not breached any contractual duty by raising premium rates on a class basis in accordance with DOI regulations. Flint's fraud claim fails for similar reasons. Flint cannot plausibly claim that he reasonably held any belief that his premiums would remain at the same level as long as he held the Policy. Moreover, he has the right to terminate the policy within a short time period.

III.

As to the Kentucky Defendants, there are similar as well as different reasons to dismiss the complaint.

Flint has sued state officials apparently for actions taken in their official capacities. The Eleventh Amendment of the United States Constitution bars suits brought in federal court against the state or its agencies, or its employees acting in their official capacities unless the state has

3

waived its sovereign immunity or otherwise consented to be sued in federal court. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The state has not waived its Eleventh Amendment immunity in this instance.

As a matter of substance, Flint seems to be saying that the Kentucky Defendants somehow neglected to prevent MetLife from raising its premium rates. There are many reasons why those allegations do not state plausible claims. The Kentucky Defendants owe no specific fiduciary duty or duty of due care to Flint in these circumstances. The Kentucky Defendants are required to follow the law. Flint has not made a specific plausible allegation of acts to the contrary.

IV.

It is difficult to know the precise nature of Flint's claim against Milliman, Inc., except that it somehow gave wrong information to the state. Even though Flint is a *pro se* litigant, he must still state valid claims. Whatever role Milliman played in helping the state set its insurance rates, the adoption of those rates by the state bars any collateral attack on their validity.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions to dismiss are SUSTAINED and Plaintiff's claims are DISMISSED.

This is a final order.

cc: Edward H. Flint, *Pro Se*
   Counsel of Record